**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>    JACQUELINE D. WHITE<br>        Debtor(s)<br>CARISBROOK ASSET HOLDING TRUST<br>        Movant<br>v.<br>JACQUELINE D. WHITE<br>        Debtor(s)<br>SCOTT F. WATERMAN<br>        Trustee<br>        Respondent(s) | Chapter 13<br><br>Case Number: 20-14876-amc |

**IN REM/PROSPECTIVE MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO PROPERTY: 6107 COBBS CREEK PARKWAY, PHILADELPHIA, PA 19143**

    Carisbrook Asset Holding Trust, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its In Rem/Prospective Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Carisbrook Asset Holding Trust (hereafter referred to as "Movant").

2. Debtor(s), Jacqueline D. White (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 6107 Cobbs Creek Parkway, Philadelphia, PA 19143.

3. On July 24, 2000, Jacqueline White, executed and delivered a Note in the principal sum of $49,000.00 to CTX Mortgage Company. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Jacqueline White, executed and delivered a Mortgage to CTX Mortgage Company. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Philadelphia County on November 9, 2000 in Instrument 50168017. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 6107 Cobbs Creek Parkway, Philadelphia, PA 19143.

6. By assignment of mortgage, the loan was ultimately assigned to Carisbrook Asset Holding Trust. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor is a serial bankruptcy filer, and it is believed that Debtor continues to file Bankruptcy to avoid any Foreclosure sales and/or proceedings.

8. Creditor's predecessor in interest filed a Complaint in Mortgage Foreclosure on December 17, 2004 due to Debtor's failure to timely remit their regular monthly mortgage payment. A true and correct copy of the foreclosure docket is attached hereto as Exhibit "D" and is incorporated by reference.

9. After Creditor's predecessor in interest entered judgment against Debtor, Debtor filed a Chapter 13 bankruptcy on August 19, 2005 at case #05-31235.

10. Debtor's case was dismissed on June 20, 2006 due to Debtor's failure to file necessary documents and failure to make plan payments.

11. Debtor filed a second Chapter 13 Bankruptcy on September 8, 2006 at case #06-13961 which was dismissed on September 28, 2006 for failure to file the required documents.

12. To avoid further foreclosure proceedings, Debtor filed a third Chapter 13 Bankruptcy on September 5, 2007 at case #07-15071. This case was dismissed on September 25, 2007 for failure to file the required documents.

13. On April 5, 2016, Creditor filed a new Complaint in Mortgage Foreclosure based on Debtor's failure to timely remit their regular monthly mortgage payment. A true and correct copy of the foreclosure docket is attached hereto as Exhibit "E" and is incorporated by reference.

14. Creditor ultimately entered in rem judgment against Debtor in the amount of $83,557.55. *See* Ex. "E".

15. Debtor filed a fourth Chapter 13 Bankruptcy on August 16, 2016 at case #16-15715 to avoid the Sheriff Sale scheduled for November 1, 2016. This case was dismissed on June 11, 2018 for failure to make plan payments.

16. Prior to the instant Bankruptcy Case, Debtor filed a Chapter 13 Bankruptcy on August 3, 2018 at case #18-15137 to avoid the Sheriff Sale scheduled for August 7, 2018. This case was dismissed on September 8, 2020 for failure to make plan payments.

17. Debtor's abusive filings have resulted in the erosion of equity in the subject property.

18. Specifically, Debtor's numerous filings have resulted in a loss of approximately $19,005.60 in equity.[1]

19. Debtor(s) filed the instant Chapter 13 Bankruptcy on December 30, 2020 and, as a result, state court proceedings were stayed again.

20. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

21. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

---

[1] Comparing the $83,557.55 judgment Creditor entered in 2016 to the current estimated total debt of $102,563.15.

22. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

23. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $135,486.90, with Movant's first lien against the property in the amount of $102,262.34. Accordingly, there is little to no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "F" and incorporated herein by reference.

24. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

25. RoundPoint Mortgage Servicing Corporation ("RoundPoint") is firmly committed to helping its borrowers who are experiencing a hardship. Depending on the circumstances of your case, RoundPoint may be amenable to consensual resolution of this matter, with Court approval. Potential options for resolution may include, among other things, temporary forbearance of payments, payment restructuring and/or adjustment of your payment amount. If you (or, if applicable, any co-debtors) have experienced a hardship, please contact us (or have your counsel contact us, if you are represented) promptly to discuss possible options.

26. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, Carisbrook Asset Holding Trust, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

*By: /s/ Daniel P. Jones*
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com

Date: January 18, 2021